UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOIS D. CARPENDER,<br><br>                Petitioner,<br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>                Respondent. | Case No. 1:09-CV-483-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently pending before the Court for its consideration is Petitioner Lois D. Carpender's ("Petitioner") Petition for Review (Dkt. 1) of the Respondent's denial of social security benefits, filed September 29, 2009. The court has reviewed the Petition for Review and the Answer, the parties' memorandums, and the administrative record ("AR"). For the reasons that follow, the Court will affirm.

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Disability Insurance Benefits on November 28, 2006. This application was denied initially and on reconsideration, and a hearing before an Administrative Law Judge ("ALJ") was held on December 10, 2008. ALJ Kilroy

heard testimony from Petitioner and Vocational Expert Beth Cunningham and issued a decision finding Petitioner not disabled on February 2, 2009. Petitioner timely requested review by the Appeals Council which denied her request for review on July 24, 2009.

Petitioner appealed the final decision to this Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 50 years of age. Petitioner completed high school and received an associate's degree in general education. Petitioner's prior work experience includes department store retail sales associate.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since her alleged onset date. At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found that Petitioner had the following severe impairments: mild degenerative changes of the cervical spine with narrowing of the spinal canal at C6-7 and status post cervical fusion and laminectomy; and chronic pain syndrome.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity ("RFC")

**MEMORANDUM DECISION AND ORDER - 2**

and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ found Petitioner was able to perform her past relevant work as a retail sales clerk. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner. The Commissioner must demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience. Having found Petitioner not disabled at step four, the ALJ did not proceed to step five.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental impairments are of such severity that she not only cannot do her previous work but is unable, considering her age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if

**MEMORANDUM DECISION AND ORDER - 3**

the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's

**MEMORANDUM DECISION AND ORDER - 4**

credibility assessment is entitled to great weight, and an ALJ may disregard self-serving statements.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Where the ALJ takes careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence.  *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## DISCUSSION

Petitioner believes that the ALJ erred at the fourth step of the sequential evaluation process.  She specifically contends that the reasons the ALJ gave for discounting her testimony and credibility were not properly supported, that the ALJ did not properly consider the opinions and evidence of her primary treating physicians, and that the ALJ's findings regarding the Petitioner's residual functional capacity are not supported by substantial evidence.  Further, Petitioner claims that the Appeals Council did not properly consider the new and material evidence submitted post-hearing in evaluating the primary treating physicians' evaluations.

### 1. Petitioner's Credibility

Petitioner contends that the ALJ did not provide clear and convincing reasons for rejecting her testimony.  When an ALJ rejects testimony based on the petitioner's daily activities, Petitioner argues that those daily activities must be found to be transferrable to the work setting.  Petitioner further contends that Petitioner's testimony cannot be rejected on the basis of isolated treatment notes that indicated she was feeling better at times.

**MEMORANDUM DECISION AND ORDER - 5**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Id.* If a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Unless there is evidence of malingering, the ALJ must provide clear and convincing reasons for rejecting pain testimony. *Id.* These reasons must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999).

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including consideration of claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, as well as claimant's daily activities, claimant's work record and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider: location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; amount and side effects of medications; and treatment measures taken by claimant to alleviate those symptoms. *See* Soc. Sec. Ruling 96-7p.

In finding that Petitioner's statements regarding the intensity, persistence and limiting effects of her symptoms were not credible, the ALJ noted that the claimant's

**MEMORANDUM DECISION AND ORDER - 6**

activities are not limited to the extent that would be expected given the complaints of disabling symptoms and limitations. The ALJ also found inconsistencies between her testimony and conduct. The ALJ referenced that the claimant told Dr. Sonnenberg she assists in caring for her nephew's children, including picking them up from school, bringing them to her home and spending time with them. (AR 21.) Additionally, in spite of her allegation that long car rides aggravated her neck and back pain, she went to both Chicago and Utah in the summer of 2008. (AR 22.)

The ALJ also noted several references in the medical records to Petitioner's drug-seeking behavior. For example, in June 2006, it was reported that for a third time Petitioner was requesting a refill too early in a short period of time. She was informed that the Board of Pharmacy had done a search and it was discovered that she was getting pain medication from multiple providers. (AR 215.) In December 2006, Idaho Neurological Surgery notified Petitioner that it could not find a pain management physician who would see her because she had been previously discharged from their practices. It also notified her that Dr. Smith would not supervise her pain management nor continue to prescribe medication. (AR 272.) The ALJ also cited treatment notes from her primary treating physician, Dr. Hartford, that indicate Petitioner often sought refills early and had gone to another physician in order to seek more prescription medication. (AR 331-332.)

The ALJ also discounted Petitioner's credibility because her allegations were inconsistent with the medical evidence. (AR 22-23). The ALJ noted that medical records

**MEMORANDUM DECISION AND ORDER - 7**

in February 2006 stated she had "slightly limited range of motion" in her neck and was "minimally limited with turning her chin laterally left to right" (AR 216); and in October 2006 medical records stated the claimant was "pain free" (AR 254). The ALJ noted that imaging done in December of 2006 showed no evidence of problems due to her previous back surgeries. (AR 246.) The ALJ also noted more recent medical records that indicated she had normal range of motion in her upper and lower extremities and no motor or sensory deficits. (AR 331, 333). An examination by Dr. Smith in March 2008 found some limited range of motion in the neck, but both her reflexes and motor examination were generally good and there was a slight hypalgesia in her right hand. (AR 348.)

There is substantial evidence in the record to support the ALJ's finding that Petitioner was not fully credible. The ALJ took into consideration inconsistencies between Petitioner's alleged limitations and her daily activities as well as her past drug-seeking behavior which may have caused her to overstate the effects of her medical conditions to her providers in an effort to obtain additional medications. (AR 22.) Additionally, the ALJ relied heavily on the fact that he did not find the medical evidence to substantiate the claimant's subjective allegations of disabling limitations. The ALJ has given clear and convincing reasons for rejecting Petitioner's testimony. There is substantial evidence to support the ALJ's finding and the Court will not disturb it.

**2. Residual Functional Capacity Finding**

Petitioner testified that following her surgery she was terminated from her job as a

**MEMORANDUM DECISION AND ORDER - 8**

sales associate due to poor work attendance and poor work performance and later could only sustain work for 10-12 hours a week at subsequent jobs.  Petitioner contends that there is an issue of her ability to sustain employment.  Petitioner further contends that the ALJ did not consider the effects of her narcotic pain medication on her ability to concentrate nor her daily need for rest or a nap.

At the fourth step in the sequential process, the ALJ determines whether the impairment prevents the claimant from performing work which the claimant performed in the past, i.e., whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  A claimant's residual functional capacity is the most he can do despite his limitations.  20 C.F.R. § 404.1545(a).  An ALJ considers all relevant evidence in the record when making this determination.  *Id*.  It is "proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record."  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  Unsupported limitations may be excluded.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  In *Osenbrock*, the Ninth Circuit found that the omission of a mental impairment from the hypothetical question was supported by substantial evidence in the record because the petitioner's depression was found to be a mild impairment, which had no significant interference with his ability to perform most recent work-related activities.  *Osenbrock*, 240 F.3d at 1165.

In this case, the ALJ included the limitations supported by substantial evidence in

**MEMORANDUM DECISION AND ORDER - 9**

the record in making his RFC determination and posing his hypothetical question to the vocational expert. If a limitation is not supported by the record, it does not need to be included in the hypothetical posed to the vocational expert and in making a residual functional capacity finding. Allegations regarding Petitioner's need to nap are subjective complaints and the ALJ found that Petitioner's complaints were not fully credible. There is nothing in the record that indicates that Petitioner must take a nap. It was properly excluded from the hypothetical. Petitioner also made inconsistent statements about the side effects of her medications, at one point in time indicating that she had no side effects (AR 169) and other times stating they made her sleepy (AR 194, 205) on her social security forms. There is no showing of a functional limitation due to medication side effects other than the occasional complaint of fatigue by Petitioner. If a limitation is not supported by substantial evidence, it does not need to be taken into consideration in the ALJ's residual functional capacity finding.

 Petitioner's other argument, that the ALJ's evaluation of Petitioner's residual functional capacity fails to address sustainability, ignores the very definition of residual functional capacity. Residual functional capacity is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p. A "regular and continuing basis" means "8 hours a day, for 5 days a week, or an equivalent work schedule." *Id*. By making the residual functional capacity finding that he did, the ALJ found that Petitioner could sustain work.

**MEMORANDUM DECISION AND ORDER - 10**

### 3. Treating Physicians' Opinions

Petitioner argues that the ALJ failed to properly evaluate the opinion and evidence of her primary treating physicians, Dr. Douglas E. Smith, M.D., and Dr. Jeffrey Hartford, M.D. Petitioner contends that the ALJ improperly noted that she was referred to Dr. Hartford by her attorney. Petitioner's former counsel, Larry Weeks, stated that she was not referred by him or anyone in his office and it was likely a referral from a personal injury attorney as a result of an automobile accident. (AR 7).[1] Petitioner argues that the ALJ erred in rejecting the functional limitations and opinions expressed by Petitioner's treating neurosurgeon, Dr. Smith, and treating primary physician, Dr. Hartford.

Ninth Circuit cases distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight is accorded to the opinion of a treating source than to nontreating physicians. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987). If the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991). If the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing "specific and legitimate

---

[1] The Court notes that a treatment record by Dr. Hartford dated December 3, 2007 states that Petitioner was referred by her attorney, Larry Weeks. (AR 336).

**MEMORANDUM DECISION AND ORDER - 11**

reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983). In turn, an examining physician's opinion is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984).

An ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the physician's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999).

The ALJ gave little weight to Dr. Smith's opinion because it was conclusory and there was no explanation of how his opinion was formed. The ALJ found that the doctor's own reports failed to reveal the types of significant clinical and laboratory abnormalities one would expect if the Petitioner was in fact disabled. He also noted that Dr. Smith's opinion was inconsistent with his own treatment notes. The ALJ also afforded little weight to the opinion of Dr. Hartford, finding that the limitations opined by

**MEMORANDUM DECISION AND ORDER - 12**

the doctor were "so excessive that they are incredible." He found that the limitations were inconsistent with the relatively limited physical findings in the treatment record.

The ALJ gave clear and convincing reasons for rejecting the opinions of Dr. Smith and Dr. Hartford. He noted that their opinions were conclusory and inconsistent with their own treatment notes and medical records. An ALJ may discredit opinions that are conclusory, brief and unsupported by the record as a whole, or by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Contradiction between a physician's clinical notes, other recorded observations, and opinions and that doctor's ultimate assessment is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Such a reason given by the ALJ is a "permissible determination within the ALJ's province." *Id*. The ALJ noted that Dr. Smith's most recent examination prior to giving his opinion showed limited findings, including that the x-rays showed no worrisome findings and that no further workup needed to be done with reference to her motor vehicle accident. The ALJ also took issue with Dr. Smith's September 22, 2008 Medical Source Statement of Ability to do Work-Related Activities (Physical). (AR 341-346.) This checklist was completed by Dr. Smith and submitted as part of the record by Petitioner's counsel. Although there are places on the form where Dr. Smith could provide an explanation of his opinions regarding Petitioner's limitations, they were all consistently left blank. ALJs may reject opinions that are in this format when they do not contain an explanation. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996).

**MEMORANDUM DECISION AND ORDER - 13**

As for Dr. Hartford, the ALJ found that his opinion, including that Petitioner could not sit for more than 15 minutes total during an eight-hour day, were incredibly excessive and were not consistent with the limited physical findings in his most recent treatment record which did not make any significant findings regarding her back pain. Even if the ALJ improperly considered that Petitioner was referred to Dr. Hartford by her attorney, he has stated other clear and convincing reasons for rejecting Dr. Hartford's opinion.

### 4. New Evidence Submitted to Appeals Council

Petitioner argues that the Appeals Council failed to consider the new evidence submitted after the hearing. *See* 20 C.F.R. § 404.970(b) (stating that Appeals Council shall consider new and material evidence if it relates to the period on or before the date of the ALJ hearing decision). This evidence included: 138 pages of medical records from March 9, 2000 through March 17, 2000 and correspondence from Dr. Smith and Dr. Hartford setting forth the foundation for their opinions regarding Petitioner's functional capacity.

First off, "a claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner." 20 C.F.R. § 422.210(a). Here, the ALJ's decision is the final decision of the Commissioner of Social Security. (AR 2.)

A district court may remand a case to the Commissioner for consideration of new evidence when the new evidence is material and good cause is shown for failing to

**MEMORANDUM DECISION AND ORDER - 14**

incorporate such evidence into the record earlier. 42 U.S.C. § 405(g). To establish materiality, Petitioner must show: (1) that the evidence bears "directly and substantially on the matter in dispute;" and (2) that "there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (internal citations omitted). To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).

As for the first part of the new evidence, the 138 pages of medical records from March 2000 (AR 362-500), Petitioner argues that these are material because they establish a long-standing impairment. The Ninth Circuit has noted that "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Medical records from almost five years prior to the alleged date of onset (January 2, 2005) do not bear directly, and especially not substantially, on the issue of whether Petitioner was disabled from the alleged date of onset forward. Further, Petitioner has not demonstrated good cause as to why these were not introduced into evidence earlier.

The other new evidence consists of correspondence from Dr. Hartford in March 2009, providing the names of all the medications Petitioner is taking, the cause of her severe chronic pain syndrome as being related to diffuse cervical disk disease with osteoarthritis and the likelihood of further surgeries. (AR 502-503). It also stated she was compliant with her medications and does not receive potentially abusable drugs from

**MEMORANDUM DECISION AND ORDER - 15**

other physicians. Lastly, Dr. Hartford states that if Petitioner could not afford her medications, it would have devastating effects on her health. There is also correspondence from Dr. Smith stating that Petitioner's disability is based on pain and her disability would be contingent upon her credibility and psychology reports. (AR 361).

The Court does not see how this correspondence would have a reasonable probability of changing the outcome of the administrative hearing. Dr. Smith's correspondence merely states that Petitioner's disability is based on pain. Dr. Hartford's correspondence mainly provides information that can also be found in her medical records, such as the medications she is on and that her chronic pain syndrome is related to diffuse cervical disk disease with osteoarthritis. Any other information contained in the correspondence, such as his opinion about the effects on her health if she could not afford her medications, would not change the outcome of the ALJ's decision made following the hearing.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**.



DATED: October 20, 2010

_____
Honorable Mikel H. Williams
United States Magistrate Judge